# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BRENT JUSTIN DEWALD,

      Defendant-Appellant.

UNPUBLISHED
January 17, 2017

No. 329232
Arenac Circuit Court
LC No. 14-003857-FH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Brent Justin Dewald, appeals as of right his conviction, following a jury trial, of aggravated assault, MCL 750.81a. The trial court sentenced him to serve one year in jail. We affirm.

## I. FACTUAL BACKGROUND

The victim's daughter testified that Dewald lived with her and the victim. On the day that Dewald assaulted the victim, they began arguing after returning from a trip to Florida while the daughter was upstairs, but she followed Dewald and the victim downstairs and saw Dewald strike the victim in the face and groin. Dewald then threatened the daughter that if she said anything, he would "do to you what I did to her." The daughter went back upstairs, but saw the victim leave the house and then fall as Dewald pushed her. Dewald choked the victim after she fell, then yelled for the daughter to come down and help the victim. The daughter found the victim lying on the floor inside the house, bleeding from her head. When the daughter visited the victim in the hospital that evening, her head was still bleeding and she had a black eye.

The victim testified that she and Dewald were dating and currently in a relationship. According to the victim, she and Dewald argued but "nothing major" occurred. She injured herself when she ran into a lawn ornament while chasing her dogs. She did not believe that the daughter saw the incident because she was upstairs.

After the victim testified, the prosecution offered impeachment evidence. Tawas Police Officer Michael Wier testified that the victim told him at the hospital that Dewald struck her several times and did not mention a lawn ornament. Arenac County Sheriff's Deputy Randy Schabel testified that the victim stated that Dewald punched her, head-butted her, knocked her down, and kicked her. The victim's aunt testified that when she visited the victim in the hospital,

-1-

the victim said that Dewald had been drinking and had punched her, kicked her, pulled her hair, and dragged her around the yard. The victim's brother testified that he took care of the victim after she was discharged from the hospital, and the victim told him that Dewald had punched her in the groin, "just kept beating her," knocked her down, and dragged her out of the house to beat her more.

The jury found Dewald guilty as stated above.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion preserved challenges to the trial court's evidentiary rulings. *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law. *Id*. at 722-723. We review de novo the preliminary questions of law surrounding the admission of evidence, such as whether a rule of evidence bars admitting it. *Id*. at 723.

## III. ANALYSIS

Dewald argues that the trial court improperly admitted the statements of the officers, the victim's aunt, and the victim's brother regarding the victim's recollection of the assault because the evidence was inadmissible hearsay. We disagree.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally inadmissible except as provided by the rules of evidence. MRE 802. However, a prior inconsistent statement is not hearsay because "[t]he purpose of extrinsic impeachment evidence is to prove that the witness made a prior inconsistent statement—not to prove the contents of the statement." *People v Jenkins*, 450 Mich 249, 256; 537 NW2d 828 (1995). A statement is inconsistent when it omits a material fact that the witness previously gave, including when the witness claims not to remember making a prior inconsistent statement. *Id*.

In this case, the victim testified that she injured herself while chasing her dogs in the yard. This statement was clearly inconsistent with her prior statements that Dewald injured her by punching her, kicking her, knocking her down, and dragging her around. The victim's statement at trial omitted several facts of the statements the victim previously gave. Accordingly, the trial court properly ruled that these statements were not hearsay.

Additionally, we reject Dewald's contention that the prosecution relied on these statements as substantive evidence. A prosecutor may not introduce substantive evidence under the guise of impeachment. *People v Stanaway*, 446 Mich 643, 693; 521 NW2d 557 (1994). "[I]mpeachment should be disallowed when (1) the substance of the statement purportedly used to impeach the credibility of the witness is relevant to the central issue of the case, and (2) there is no other testimony from the witness for which his credibility was relevant to the case." *Id*. at 683. The victim's credibility regarding the events was central to the issue of the case—namely, whether Dewald assaulted her. A review of the prosecution's arguments at trial indicates that the prosecution relied on the daughter's testimony of events to prove the elements of the crime and

used the impeachment evidence to argue that the victim's version of events could not be believed.  This was a proper use of impeachment evidence.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray